**UNITED STATES COURT OF APPEALS**

**October 31, 2014**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WENDEL ROBERT WARDELL, JR.,

Defendant - Appellant.

No. 14-1199
(D.C. Nos . 1:12-CV-02746-REB and
1:05-CR-00342-REB-4)
(D. Colo.)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Defendant and Appellant, Wendel Wardell, proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the dismissal of his 28 U.S.C. § 2255 petition and his subsequent motion to vacate that dismissal. Concluding that Mr. Wardell has failed to satisfy the requirements for issuance of a COA, we deny him a COA and dismiss this matter.

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The relevant facts are as follows, as explained by the district court: Following a jury trial, Mr. Wardell was convicted of conspiracy to retaliate against a witness, in violation of 18 U.S.C. § 371, and retaliation against a witness, in violation of 18 U.S.C. § 1513(b)(1) and § 2. Three co-defendants were found guilty of the same charges. The witness who suffered the retaliation was Jesse Cluff. Mr. Cluff testified against Mr. Wardell and his co-defendant, Carl Pursley, in an earlier prosecution of Mr. Wardell and Mr. Pursley on charges of tax fraud. In the witness retaliation case, the government claimed that Mr. Wardell had arranged to have two inmate friends, Vernon Templeman and Shawn Shields, brought to the courthouse for the purpose of retaliating against Mr. Cluff. At the time, Messrs. Wardell, Pursley, Templeman, Shields and Cluff were incarcerated. Evidence at the witness retaliation trial showed that Mr. Templeman and Mr. Shields attacked and beat Mr. Cluff while the three were in the same holding cell in the courthouse. The evidence also showed that this beating was motivated and encouraged by Mr. Wardell and Mr. Pursley because of their resentment toward Mr. Cluff and his testimony against them at the tax fraud trial.

The district court sentenced Mr. Wardell to 115 months in prison, which was to run consecutively to other prison sentences he was serving for other convictions. We affirmed. United States v. Wardell, 591 F.3d 1279 (10th Cir. 2009) (correcting and superseding prior opinion at 581 F.3d 1272). The United

States Supreme Court denied certiorari. Wardell v. United States, 132 S. Ct. 430 (2011).

Mr. Wardell filed the instant 28 U.S.C. § 2255 petition, alleging insufficient evidence to convict and ineffective assistance of appellate counsel for failing to raise insufficiency of the evidence on direct appeal. The district court denied the motion and entered judgment. Mr. Wardell appealed. He also filed a post-judgment motion seeking to vacate or set aside the order denying relief under § 2255. The district court determined that it did not have jurisdiction to consider the matters raised in the post-judgment motion and denied it. Mr. Wardell filed an amended notice of appeal.

We note that Mr. Wardell has filed more than thirty cases in our court since 1996, and is therefore a "frequent filer." He has accumulated three "strikes" under the PLRA, 28 U.S.C. § 1915(g). The PLRA does not, however, apply to § 2255 petitions like this one, so we allow this appeal to proceed without challenge as to whether Mr. Wardell should pay the filing fee in advance. Mr. Wardell has filed a request to proceed on appeal *in forma pauperis* ("'ifp"), which we deny.

We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For those claims the district court denies on their merits, the petitioner must demonstrate "that reasonable jurists could find the district court's assessment of the constitutional

-3-

claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the district court denies a COA on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id.

In addressing Mr. Wardell's § 2255 petition, the district court applied the familiar standard of Strickland v. Washington, 466 U.S. 668 (1984), to Mr. Wardell's claim of ineffective assistance of appellate counsel. The district court also addressed the timeliness of Mr. Wardell's petition and the government's argument that certain issues were procedurally barred. The court carefully examined each argument and determined that Mr. Wardell's arguments lacked merit:

> Considered independently of the ineffective assistance of appellate counsel claim, none of the six issues raised by Mr. Wardell . . . present a valid basis for relief under § 2255. Viewing those issues in the context of the ineffective assistance of appellate counsel claim, those issues do not present a valid basis for relief under § 2255. Thus, the motion must be denied.

Order Denying Motion to Vacate at 13; R. Vol. 1 at 112. The court also denied Mr. Wardell a COA, and denied Mr. Wardell's request to reconsider its first Order denying relief under § 2255. Mr. Wardell renews his request for a COA with this court.

-4-

We have carefully reviewed the record in this case and we conclude that, for substantially the reasons stated in the district court's Orders, we DENY Mr. Wardell a COA and dismiss this matter. Mr. Wardell fails to demonstrate that the court erred in its analysis of the applicable law and the application of that law to the facts of this case. Furthermore, his efforts to reargue evidentiary issues resolved against him on direct appeal are misplaced. We also DENY Mr. Wardell's motion to proceed *ifp*, and remind him that all filing fees are due in full.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge